

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00140-CR

SULLIVAN O'NEAL ARNOLD III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 426th District Court
Bell County, Texas
Trial Court No. 75673, Honorable Martha J. Trudo, Presiding

October 13, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Sullivan O'Neal Arnold (appellant) appeals his conviction for assaulting a family or household member. His two issues involve whether 1) the evidence was sufficient to establish the element of bodily injury and 2) whether the trial court erred in overruling his objection to a lay witness who purportedly rendered an expert opinion. We affirm.[1]

---

[1] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this court. *See* TEX. R. APP. P. 41.3.

*Issue One*

The State indicted appellant for assault.  The latter crime occurs when, among other things, one "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a) (West Supp. 2016).  "Bodily injury" means "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(8); *Marshall v. State*, 479 S.W.3d 840, 844 (Tex. Crim. App. 2016).  According to appellant, the evidence is insufficient to prove bodily injury because investigating officers allegedly testified that appellant's victim had suffered no injury.

We apply the standard of review discussed in *Marshall v. State*, mentioned above.  With that standard in mind, we first note that the investigating officers did not testify that the victim suffered no injuries.  Instead, one or more said that they did not observe injuries when taking the victim's report.  Yet, at least one officer testified that bruising may appear several days later and that pictures of the victim taken later showed bruising.

The victim also testified that appellant accused her of being in a relationship with another individual, began hitting her with a book bag, struck her with his fists when the book bag tore, kicked her while she was on the ground, and stuck a thumb in her eye. Aspects of the assault caused her "pain," or as she said at one time during her testimony, "it really hurt."

The foregoing evidence is sufficient to enable a rational jury to find, beyond reasonable doubt, that the victim suffered physical pain and, therefore, bodily injury as encompassed in § 1.07(8) and § 22.01(a) of the Penal Code.  Any contradictory evidence was subject to rejection by the fact-finder if it so chose, and it obviously so chose.

*Issue Two*

Next, appellant argues that the trial court "erred in allowing a lay witness to give an opinion where he had no personal knowledge or expertise to do so." This opinion consisted of an officer testifying that the victim's "injuries could have become apparent days after the alleged assault in this case despite the fact that he did not interview [the victim] days later to determine if that was the case and had no medical expertise to render such an opinion." We overrule the issue.

Before the officer in question uttered the objectionable opinion, another employee of the police department who happened to be a detective had been called to testify. As the detective was being asked by defense counsel about the contents of a report she wrote, she mentioned that it "also says there are times when injuries are not present until following days after." Defense counsel did not object to that statement, though he attempted to illustrate via additional questioning that the detective had little medical training. Identical testimony having been admitted previously without objection, appellant rendered harmless any supposed error arising from its admission. *Ponce-Torres v. State*, No. 03-16-00099-CR, 2017 Tex. App. LEXIS 6201, at *6-7 (Tex. App.—Austin July 6, 2017, no pet.) (mem. op., not designated for publication) (stating that the improper admission of evidence will not result in reversal when other such evidence was received without objection, either before or after the ruling about which appellant complains).

Having overruled appellant's issues, we affirm the trial court's judgment.


Brian Quinn
Chief Justice

Do not publish.

3